**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikkel-Stanley Lamb,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Smith and Wamsley, PLLC, *et al.*<br><br>　　　　Defendants. | No. CIV 24-024-TUC-CKJ<br><br>**ORDER** |

On January 12, 2024, Plaintiff Mikkel-Stanley Lamb ("Lamb") filed a Complaint for a Civil Case (Doc. 1). Lamb has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

I. *In Forma Pauperis*

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Lamb's affidavit states his average monthly income during the past twelve months consisted of disability payments of $2100. However, he states he expects his income "next month" to consist of a disability payment of $1500. Lamb states his fixed income is from veteran disability. Further, Lamb states he has $90 in a bank account and his total monthly expenses are $1560.

The Court finds Lamb is unable to pay the fees and will grant the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

II. *Fed.R.Civ.P. 5.2*

The applicable rule provides for privacy protection in documents filed with the Court. These protections include social security numbers, taxpayer-identification numbers, dates of birth, and financial account numbers. Fed.R.Civ.P. 5.2(a). The Court will direct her staff to redact the exhibits to Lamb's Complaint pursuant to the rule. Further, the Court will direct the Clerk of Court to docket Lamb's original exhibits under seal and to publicly file the redacted document. Lamb is advised if he believes further redactions pursuant to the rule are appropriate, he may submit a more-redacted document for the Court's review.

III. *Caption and Parties*

Lamb's Complaint does not appear to include all required information in the caption. The applicable rule states:

> (a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Fed.R.Civ.P. 10(a). The caption of Lamb's Complaint states only Smith and Wamsley, PLLC, as the Defendant. However, the body of the Complaint states other Defendants: Kaycee Scarr Wamsley, Jason E. Smith, Sean K Moynihan, and Luisa Hernandez. (Complaint, Doc. 1, p. 2). Lamb is advised the caption of a complaint must include all named defendants.

IV. *Screening Order*

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

V. *Lamb's Complaint*

The caption of Lamb's Complaint states the Defendant as Smith and Wamsley, PLLC. The body of the Complaint lists Kaycee Scarr Wamsley, Jason E. Smith, Sean K. Moynihan, and Luisa Hernandez. The address listed for each of these individuals is the Tucson, Arizona, address of Smith & Wamsley, PLLC. *See* Smith & Wamsley website, https://smithwamsley.com/. Further, the Arizona Corporation Commission ("ACC") website includes Smith & Wamsley. PLLC's Tucson, Arizona, address and states its domicile is Arizona. *See* ACC Smith & Wamsley, PLLC, Entity Listing, https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=23268099 (last accessed May 6, 2024). Additionally, Lamb states his address is in Tucson, Arizona, and he is a citizen of the State of Arizona Republic.

Lamb's Complaint states the basis for federal court jurisdiction is diversity of citizenship and the amount in controversy is more than $75,000 because of "UCC-3 Statute Simple Security Instrument[.]" Complaint (Doc. 1, p. 4). The Complaint also states that, if the basis for jurisdiction is a federal question, "15 U.S.C. Suits by persons injured" is at issue in this case. *Id*. at 3.

Lamb's Complaint states the claim as: "Smith and Wamsley, PLLC are in breach of contract per Sec. of State." *Id*. at 4. Additionally, under the subtitle "Relief," the Complaint states:

> Please view Statute Staple Security Instrument
> Charging Lien placed on trust account which breach's contract.

*Id*. at 5. The Complaint does not include any factual allegations that any named Defendant executed a contract with Lamb or any conduct exhibiting a breach of contract.

The documents attached to the Complaint include a "LEGAL NOTICE AND DEMAND . . . To: All Sate, Federal and International Public Officials, THIS IS A CONTRACT IN ADMIRALTY JURISDICTION THIS TITLE IS FOR YOUR PROTECTION[.]" two "ASSIGNMENT[S] OF LIMITED POWER OF ATTORNEY[,]" a "UCC Financing Statement" and an Amendment that reference the Colorado Secretary of

State, a "HOLD HARMLESS AND INDEMNITY AGREEMENT," a "COMMON LAW COPYRIGHT NOTICE[,]" a "Notice Concerning Fiduciary Relationship" naming "JANET YELLEN, et al D.B.A SECRETARY OF TREASURY (UNITED STATES)" as the fiduciary,[1] another "Notice Concerning Fiduciary Relationship" naming "FRANCISCO ALICEA, et al D.B.A SECRETARY OF TREASURY (UNITED STATES)" as the fiduciary,[2] a "Certificate of Foreign Status of Non-resident for United States Tax Withholding and Reporting (Human)[,]" a "PRIVATE REGISTERED BOND FOR INVESTMENT[,]" an "AFFIDAVIT OF TRUTH[,]" Complaint, Attachments (Docs. 101-1, pp. 1, 10, 12, 17, 18, 20, 22, 24, 27, 29, 35, 37).

The documents attached to the Complaint do not include any agreement/signature of any named Defendant showing the execution of a contract or the breaching of a contract. Rather, the documents appear to invoke legal principles (e.g., specifying the vessel in commerce Lamb was created as a trust; legal notice and demand purported to be acknowledged by silence and acquiescence of the Arizona Secretary of State; purported contract without inclusion of specific agreement of any person/entity other than Lamb, stating the failure to timely rebut the terms is agreement; right to appeal to a twenty-five sovereign people Magna Carta Grand Jury; fealty is forever rebutted by counterclaim in Admiralty) without any recognized authority.[3]

---

[1] The signature line of the Notice Concerning Fiduciary Relationship contains the typed name of Janet Yellen.

[2] The signature line of the Notice Concerning Fiduciary Relationship contains the typed italicized name of Francisco Alicea.

[3] The Ninth Circuit has held that "sovereign citizen" arguments have "been consistently and thoroughly rejected by every branch of the government for decades. Indeed[,] advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986); *see also Caetano v. Kings Cnty. Sheriff*, No. 1:22-CV-0261 JLT HBK, 2022 WL 1271344, at *3 (E.D. Cal. Apr. 28, 2022), appeal dismissed, No. 22-16067, 2022 WL 18358075 (9th Cir. Aug. 17, 2022) ("To the extent Plaintiff's allegations are based on a sovereign citizen ideology—in referring to his body as a "Sovereign" and a vessel—courts

VI. *General Requirements*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Indeed, a "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), *quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *per curiam*.

A complaint must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s). Failure to name potential defendants or sufficient facts to advise a defendant of the claim(s) may be result in no claim(s) being presented against a defendant. Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed.R.Civ.P. 10(a). "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id*. Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), *affirmed* 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine

---

uniformly and summarily have rejected arguments premised on such ideology as frivolous and meritless.").

- 5 -

nature of claims).

VII. *Requirement that Action State a Claim on Which Relief Can be Granted*

The United States Supreme Court has determined that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[4] While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 555 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 555. Although a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) has not been filed in this case, the Court considers these standards in screening Lamb's Complaint to determine if Lamb has "nudge[d] [his] claims across the line from conceivable to plausible." *Id*. at 570. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardue*, 551 U.S. 89 (2007).

In discussing *Twombly*, the Ninth Circuit has stated:

"A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

---

[4]The holding in *Twombly* explicitly abrogates the well established holding in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

- 6 -

> plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).
>
> In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id.*

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

This Court must take as true all allegations of material fact and construe them in the light most favorable to Lamb. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

VIII. *Subject Matter Jurisdiction*

The Court must dismiss a civil action if at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). Federal courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court presumes a civil action lies outside its limited jurisdiction and the burden to prove otherwise rests on a party asserting jurisdiction exists. *Id*. Additionally, an opposing party can never forfeit or waive a challenge to subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Generally, this Court has "original jurisdiction of . . . civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000" and diversity of citizenship between the parties exists. 28 U.S.C. §§ 1331, 1332.

Article III, § 2 of the Constitution extends the judicial power to controversies . . . between citizens of different states." Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different

1. states, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *see also*
2. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Indeed, 28 U.S.C. §
3. 1332 "requires complete diversity – no plaintiff may be a citizen of the same state as any
4. defendant." *Cady v. American Family Ins. Co.*, 771 F.Supp.2d 1129, 1130 (D.Ariz. 2011),
5. *citing Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005); *Strawbridge v. Curtiss*, 3
6. Cranch 267, 2 L.Ed. 435 (1806).  Lamb, as the party asserting diversity jurisdiction, has the
7. burden of proof.  *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).

8.     Lamb's Complaint asserts that this Court has subject matter jurisdiction over this
9. action pursuant to 28 U.S.C. § 1332(a)(1) because he and Defendants are citizens of different
10. states and the amount in controversy exceeds $75,000.  However, in listing the parties, Lamb
11. states all parties reside in Arizona, are incorporated in Arizona, or have their principal place
12. of business in Arizona.  In other words, Lamb has not alleged facts that establish that any
13. Defendant is a citizen of any state other than Arizona.  *See e.g., Breitman v. May Company*
14. *California*, 37 F.3d 562, 564 (1994) ("a corporation is typically a citizen of two states for
15. determining the existence of diversity jurisdiction:  the state of incorporation and the state
16. in which it has its principal place of business").

17.     Further, "it is elementary that the subject matter jurisdiction of the district court is not
18. a waivable matter and may be raised at anytime by one of the parties, by motion or in the
19. responsive pleadings, or sua sponte by the trial or reviewing court." *See Emrich v. Touch*
20. *Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir.1988); *see also Scholastic Ent't, Inc. v. Fox*
21. *Ent't*, 336 F.3d 982, 985 (9th Cir.2003) (it is well-established that a district court has the
22. authority to dismiss an action *sua sponte* for lack of jurisdiction).

23.     A plain reading of Lamb's Complaint fails to establish that all Defendants are citizens
24. of a state other than Arizona.  In other words, Lamb's Complaint fails to establish complete
25. diversity of citizenship.  The Court finds it does not have subject matter jurisdiction based
26. on diversity of citizenship of this matter.

27.     Lamb's Complaint, however, also refers to "15 U.S.C. Suits by persons injured" as the
28.

basis for federal question jurisdiction. Although the apparently referenced statute provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States . . . ." 15 U.S.C. § 15(a),[5] this provision is limited:

> Notwithstanding the statutory term "any person," the Supreme Court has limited those who may sue for antitrust damages. The general rule is that only "the overcharged direct purchaser, and not others in the chain of manufacture or distribution," has standing to sue.

*In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 320–21 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 139 S. Ct. 1514, 203 L. Ed. 2d 802 (2019), *citing Illinois Brick Co. v. Illinois*, 431 U.S. 720, 729, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977).

Further, the Complaint does not state it is seeking to state an antitrust violation or any antitrust law[s] Defendants are alleged to have violated. Lamb refers to a UCC-3 Statute Simple Security Instrument, but does not specify how such an instrument would constitute an antitrust violation. Rather, the Uniform Commercial Code ("UCC") "is a collection of proposed model laws, drafted by the American Law Institute and the National Conference of Commissioners on Uniform State Laws, that are meant to serve as a guide for state legislatures when they draft statutes involving commercial contracts and related dealings." Library of Congress Research Guide – Uniform Commercial Code, https://guides.loc.gov/contract-law/uniform-commercial-code (last accessed May 6, 2024).[6] In other words, UCC violations are based on state law rather than federal law.

Additionally, Lamb's Complaint states the claim at issue is a breach of contract.

---

[5] The Court presumes Lamb is referring to 15 U.S.C. §15 as its title is "Suits by person injured[.]"

[6] The Court finds it appropriate to take judicial notice of information provided on government websites. *See Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015), *citations omitted* (the Court may take judicial notice of "official information posted on a governmental website, the accuracy of which [is] undisputed"); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies), *citations omitted*.

Breach of contract claims are based on state common law. Even where, for example, federal regulations may be related to the claim, the claim ultimately remains based on state common law and do not present a federal question. *See e.g. Alfaro v. Delta Air Lines, Inc.*, 645 F. Supp. 3d 955, 960 (C.D. Cal. 2022); *see Moore v. First Transit Bus Co.*, No. CV-20-00790-PHX-JJT, 2020 WL 9347648, at *1 (D. Ariz. Sept. 23, 2020).

Further, even if the Court were to assume Lamb was attempting to state a securities violation based on the Complaint referring to a "Statute Simple Security Instrument," Lamb's Complaint fails to include what type of security violation may have occurred and fails to demonstrate such violation would qualify as an antitrust violation pursuant to 15 U.S.C. § 15(a). Additionally, in discussing the interplay between suits involving antitrust and securities, the Supreme Court has determined that securities laws may, in some circumstances, be "clearly incompatible" with the application of the antitrust laws. *Credit Suisse Sec. (USA) LLC v. Billing*, 551 U.S. 264, 285 (2007).

The Court finds Lamb's Complaint fails to include any allegation to establish Lamb's suit raises a federal question.

IX. *Breach of Contract Claim*

Even if diversity of citizenship had been adequately alleged, the Complaint fails to state a claim for breach of contract. Under Arizona law:

> A breach of contract claim requires a valid contract, its breach and resulting damages. *Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96 ¶ 16 (2013). A contract is not valid unless the parties "manifested assent or intent to be bound." *Rogus v. Lords*, 166 Ariz. 600, 602 (App. 1991) (citing authority). Mutual assent turns on objective evidence, not a party's subjective intent. *Muchesko v. Muchesko*, 191 Ariz. 265, 270 (App. 1997).

*Phoenix L. Enf't Ass'n v. City of Phoenix*, No. 1 CA-CV 19-0813, 2021 WL 1575782, at *4 (Ariz.App. Apr. 22, 2021). Lamb's Complaint does not include a short and plain statement of a valid claim of a contract. In other words, no factual allegations are stated that any Defendant agreed or intended to be bound. Further, no factual allegations are included that show any Defendant breached that contract or how such breach occurred.

X.  *Dismissal with Leave to Amend*

As the Complaint does not afford this Court with subject matter jurisdiction and fails to state a claim upon which relief may be granted, the Court will dismiss the Complaint with leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). Lamb will be afforded an opportunity to amend his Complaint to set forth a valid basis for subject matter jurisdiction and a claim upon which relief may be granted.  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (if a court determines dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim); *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962) (when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

Furthermore, Lamb is advised that all causes of action alleged in the original Complaint which are not alleged in any Amended Complaint will be waived.  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).

Lamb is advised that any Amended Complaint filed by him must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.  Any Amended Complaint submitted by Lamb shall be clearly designated as an Amended Complaint on the face of the document.  Additionally, Lamb is advised civil *pro se* forms, including Complaints, are available on the District of Arizona's website: https://www.uscourts.gov/forms/civil-pro-se-forms.

XI.  *Warnings to Lamb*

A.  If Lamb's address changes, Lamb must file and serve a notice of a change of address in accordance with LRCiv 83.3(d).  Lamb must not include a motion for other relief

with a notice of change of address. Failure to comply may result in dismissal of this action.

B. Lamb must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Lamb.

C. If Lamb fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See* Fed.R.Civ.P. 41(b); *see also Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

Accordingly, IT IS ORDERED:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED.

2. Lamb's Complaint is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND. **Lamb shall have until June 10, 2024, to file an Amended Complaint.**

3. Any Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior Complaint or subsequent pleadings by reference. All causes of action alleged in the original complaint which are not alleged in any amended complaint will be waived. Any Amended Complaint submitted by Lamb should be clearly designated as an amended complaint on the face of the document.

4. The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Lamb, if Lamb fails to file an Amended Complaint on or before June 10, 2024.

5. A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned. *See* L.R.Civ. 5.4. **Failure to submit a copy along with the original pleading or document may result in the pleading or document being stricken without further notice to Lamb.**

6. At all times during the pendency of this action, Lamb shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS". The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Lamb shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

7. The Court's staff shall redact the exhibits to Lamb's Complaint pursuant to the Fed.R.Civ.P. 5.2(a) and the Clerk of Court shall docket Lamb's original exhibits under seal and shall publicly file the redacted document prepared by the Court's staff. Lamb may submit a more-redacted document for the Court's review if he feels further redactions are needed/appropriate.

8. The Clerk of Court shall mail a copy of this Order, the redacted document, and the Complaint for Violation of Civil Rights (Non-Prisoner Complaint) form to Lamb.

DATED this 13th day of May, 2024.

_____
Cindy K. Jorgenson
United States District Judge

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> **-v-** <br><br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.  Do not include addresses here.) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*   ❏ Yes   ❏ No |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**I.     The Parties to This Complaint**

    **A.     The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

        Name
        Address

                      *City*        *State*        *Zip Code*

        County
        Telephone Number
        E-Mail Address

    **B.     The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

        Defendant No. 1
            Name
            Job or Title *(if known)*
            Address

                      *City*        *State*        *Zip Code*

            County
            Telephone Number
            E-Mail Address *(if known)*

            ❏ Individual capacity    ❏ Official capacity

        Defendant No. 2
            Name
            Job or Title *(if known)*
            Address

                      *City*        *State*        *Zip Code*

            County
            Telephone Number
            E-Mail Address *(if known)*

            ❏ Individual capacity    ❏ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3
　　Name
　　Job or Title *(if known)*
　　Address

　　　　　　　　　　　*City*　　　　　*State*　　　　*Zip Code*

　　County
　　Telephone Number
　　E-Mail Address *(if known)*

　　　❐ Individual capacity　　❐ Official capacity

Defendant No. 4
　　Name
　　Job or Title *(if known)*
　　Address

　　　　　　　　　　　*City*　　　　　*State*　　　　*Zip Code*

　　County
　　Telephone Number
　　E-Mail Address *(if known)*

　　　❐ Individual capacity　　❐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.　Are you bringing suit against *(check all that apply)*:

　　❐ Federal officials (a *Bivens* claim)

　　❐ State or local officials (a § 1983 claim)

B.　Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.　Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

    D.        Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

**III.**    **Statement of Claim**

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

    A.        Where did the events giving rise to your claim(s) occur?

    B.        What date and approximate time did the events giving rise to your claim(s) occur?

    C.        What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**IV.  Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

**V.  Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**VI.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____
Printed Name of Plaintiff _____

**B.    For Attorneys**

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____

*City*          *State*          *Zip Code*

Telephone Number _____
E-mail Address _____