**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikkel-Stanley Lamb,<br><br>    Plaintiff,<br><br>vs.<br><br>Smith and Wamsley, PLLC, *et al*.<br><br>    Defendants. | No. CIV 24-024-TUC-CKJ<br><br>**ORDER** |

On January 12, 2024, Plaintiff Mikkel-Stanley Lamb ("Lamb") filed a Complaint for a Civil Case (Doc. 1). This Court screened the Complaint and dismissed the claims with leave to amend. May 13, 2024, Order (Doc. 6). Lamb has filed a First Amended Complaint ("FAC") (Doc. 8). The Court will screen the FAC.

I.  *Fed.R.Civ.P. 5.2*

The Court previously advised Lamb the applicable rule provides for privacy protection in documents filed with the Court. Further, the Court directed staff to redact the exhibits to Lamb's Complaint pursuant to the rule and directed the Clerk of Court to docket Lamb's original exhibits under seal and to publicly file the redacted document. The FAC, including its attachments again contain private information. However, based on the Court's prior Order, the Clerk of Court has filed this document under seal. The Court accepts the document as filed under seal.

II. *Screening Order*

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In dismissing Lamb's original complaint, the Court directed the Clerk of Court to mail a Complaint for Violation of Civil Rights (Non-Prisoner Complaint) form instead of a Complaint for a Civil Case form to Lamb. The Court will consider Lamb's FAC as a general case, but also consider whether any civil rights claims have been stated.

III. *Caption and Parties*

The Court previously advised Lamb the applicable rule requires the caption of a complaint to name all of the parties. Fed.R.Civ.P. 10(a). The caption of Lamb's FAC does not name any Defendant; rather, the caption states "See Attached[.]" In the Defendant(s) section of the form, the FAC states the following as Defendants:

    Saguaro Trails Homeowners Association ("SGHA")

    Platinum Management Inc. ("PM")

    Smith and Wamsley PLLC ("S&W")

    Kacey Scarr Wamsley ("Wamsley")

The Attachment to the FAC states the following additional Defendants:

    Jason E. Smith ("Smith")

    Sean K. Moynihan ("Moynihan")

    Luisa Hernandez ("Hernandez")

    Vince Roberts ("Roberts")

    Angelina Craig ("Craig")

    Jeanie D. Benavente ("Benavente")

    Chandra Pennington ("Pennington")

FAC (Doc. 8, ECF pp. 2-3, 7-8). Because the FAC does not comply with Fed.R.Civ.P. 10(a),

dismissal is appropriate. Further, as the Court has found, *intra*, Lamb's FAC does not set forth subject matter jurisdiction (including the fact the FAC does not state a 42 U.S.C. § 1983 claim against any state actor or jural entity), the dismissal will be without leave to amend.

IV. *Lamb's Amended Complaint*

The body of the FAC states the address of Lamb as Tucson, AZ, within Pima County. Additionally, it states the addresses of all of the Defendants as Tucson, AZ and/or Pima County.

Lamb's Complaint states the basis for federal court jurisdiction is a civil rights violation. However, the Court attributes this to an incorrect form being provided to Lamb and his completion/submission of that form. The Court will consider whether subject matter jurisdiction has been stated.

The FAC alleges:

> All violations could have been prevented if the documents that are on file with the sec of State were acknowledged. Once these documents are filed, they are considered a court of record. Within this court of record is a copyright notice which is on file with the sec of State as well as the pima county recorder's office in regards to the use of the MIKKEL STANLEY LAMB© Trust name (all derivatives). . .
>
> Initial damages began after Platinum Management who cares for the Saguaro Trails Community Association mailed the undersigned documentation in regards to a voided contract in which I addressed with a response. . . Platinum Management disregarded the documentation and proceeded to contact Smith and Wamsley PLLC.

FAC Attachment (Doc. 8, ECF p. 10 of 14). Upon receiving documentation via mail from Smith and Wamsley PLLC, Lamb "inform[ed] Smith and Wamsley PLLC of the status of the account." (*Id*.). Although certified mail tracking showed the location received the mail, as shown by presumed mail room clerk Hernandez, S&W did not respond.

The FAC alleges Wamsley criminally trespassed by attaching a letter to the door of Lamb's residence and, a week or so later, banged on his door. Lamb alleges law enforcement also engaged in aggressive behavior, as well as deceptive questioning and intimidating behavior.

Lamb further alleges Wamsley, Smith and Moynihan filed documents with lower courts that withheld true and factual information. In Lamb's view, it appeared "as if the lower court judges and officers of court [were] strategically orchestrating fraudulent acts inside the court." (*Id*. at ECF p. 11 of 14).

The documents attached to the Complaint include a "LEGAL NOTICE AND DEMAND . . . To:  All State, Federal and International Public Officials, THIS IS A CONTRACT IN ADMIRALTY JURISDICTION THIS TITLE IS FOR YOUR PROTECTION[.]" two "ASSIGNMENT[S] OF LIMITED POWER OF ATTORNEY[,]" "UCC Financing Statement[s]," a "HOLD HARMLESS AND INDEMNITY AGREEMENT[,]" a "COMMON LAW COPYRIGHT NOTICE[,]" "Notice[s] Concerning Fiduciary Relationship[,]" a "Certificate of Foreign Status of Non-resident for United States Tax Withholding and Reporting (Human)[,]" a "PRIVATE REGISTERED BOND FOR INVESTMENT[,]" an "AFFIDAVIT OF TRUTH[.]" *See* Complaint, Attachments (Doc. 9). Further, the document refers to Secretaries of State for Arizona, Colorado and Virginia.

The documents appear to invoke legal principles (e.g., strawman; vessel in commerce; Lamb was created as a trust; legal notice and demand purported to be acknowledged by silence and acquiescence of the Arizona Secretary of State; purported contract without inclusion of specific agreement of any person/entity other than Lamb, stating the failure to timely rebut the terms is agreement; right to appeal to a twenty-five sovereign people Magna Carta Grand Jury; fealty is forever rebutted by counterclaim in Admiralty) without any recognized authority.

V. *Requirements of a Complaint and Stating a Claim Upon Which Relief Can be Granted*

The Court has previously advised Lamb that a complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Rule 8(a), Fed.R.Civ.P.  Where the pleader is *pro se*, the pleading should be liberally construed in the

interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Indeed, a "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), *quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *per curiam*.

The Court also advised Lamb that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555; *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardue*, 551 U.S. 89 (2007).

The Court also advised Lamb that the Court must take as true all allegations of material fact and construe them in the light most favorable to Lamb. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

VI. *Subject Matter Jurisdiction*

The Court must dismiss a civil action if at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). Federal courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court presumes a civil action lies outside its limited jurisdiction and the burden to prove otherwise rests on a party asserting jurisdiction exists. *Id*. Additionally, an opposing party can never forfeit or waive a challenge to subject matter jurisdiction. *Arbaugh v. Y&H Corp.*,

546 U.S. 500, 514 (2006). Generally, this Court has "original jurisdiction of . . . civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000" and diversity of citizenship between the parties exists. 28 U.S.C. §§ 1331, 1332.

Article III, § 2 of the Constitution extends the judicial power to controversies . . . between citizens of different states." Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Indeed, 28 U.S.C. § 1332 "requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." *Cady v. American Family Ins. Co.*, 771 F.Supp.2d 1129, 1130 (D.Ariz. 2011), *citing Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005); *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Lamb, as the party asserting diversity jurisdiction, has the burden of proof. *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986). However, the plain language of the FAC demonstrates that all parties are citizens/residents of the state of Arizona. In other words, complete diversity of citizenship has not been shown. The Court finds it does not have subject matter jurisdiction based on diversity of citizenship of this matter.

The Court will consider whether Lamb has stated a civil claim/action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The form of Lamb's FAC purports to state a civil rights complaint. Should such a claim be stated, this Court would have subject matter of the action because the claim would arise under "the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §§ 1331, specifically, 42 U.S.C. § 1983. However, to state a violation under 42 U.S.C. § 1983, a plaintiff must allege the violative conduct was committed by a government actor, as summarized by another court:

> An individual acts "under color of state law" for purposes of § 1983 when the individual has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 748 (9th Cir. 2020) (quoting *West v. Atkins*, [487 U.S. 42, 49] (1988). Generally, private parties are not acting under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). To act under color of

> law does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, [449 U.S. 24, 27] (1980). "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.' [*Id.* at 27-28].

*Samuelson v. Jewell Sch. Dist. 8*, No. 3:22-CV-1923-SI, 2024 WL 1286539, at *2 (D. Or. Mar. 26, 2024).

VII. *42 U.S.C. § 1983*

The Court will consider whether Wamsley (attorney), Smith (attorney), Moynihan (attorney), Roberts (lower court judge), and Craig (clerk of a lower court) are state actors.[1] Lamb alleges Wamsley, Smith, and Moynihan are officers of the court. They are all attorneys at the law firm of Smith & Wamsley. *See* https://smithwamsley.com/. However, as the Court advised Lamb in its June 3, 2024, Order in CV 24-028 (Doc. 8), "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir.1999); *see also Hutcherson v. Smith*, 908 F.2d 243, 245 n. 2 (7th Cir.1990) (declining to hold that "any attorney working for or retained by a municipality automatically satisfies the 'under color of state law' requirement of 42 U.S.C. § 1983"). Lamb has not presented any allegations beyond these Defendants being officers of the court that convert them into state actors. The Court finds Wamsley, Smith, and Moynihan are not government actors for purposes of this case.

As to Roberts, he is a Pima County Justice of the Peace for Precinct Ten since January 1, 2021. *See* https://ballotpedia.org/Vince_Roberts_(Arizona). The Court advised Lamb in its June 3, 2024, Order in CV 24-028 (Doc. 8) that "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793

---

[1] The FAC does not appear to claim STHA, PM, S&M, Hernandez, Benavente, or Pennington are state actors.

- 7 -

F.2d 1072 (9th Cir. 1986). This is to assure that judges may exercise their functions with independence and without fear of consequences. *See Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872); *Randall v. Brigham*, 74 U.S. 523 (1868). However, a "judge lacks immunity where he acts in the 'clear absence of all jurisdiction' or performs an act that is not 'judicial' in nature. *Ashelman*, 793 F.2d at 1075, citations omitted. Lamb's FAC alleges Wamsley, Smith, and Moynihan filed documents withholding true and factual information with a lower court which would have terminated a case in the lower court. Lamb asserts it "looks as if the lower court judges and officers of court are strategically orchestrating fraudulent acts inside the court." FAC (Doc. 8, ECF p. 11 of 14). These conclusory allegations fail to state "enough facts to state a claim to relief that is plausible on its facts[,]" *Twombly*, 550 U.S. at 570, and is insufficient "to raise a right to relief above the speculative level." *Id*. at 555. The Court finds a § 1983 claim that withstands judicial immunity has not been alleged against Roberts and fails to provide this Court with subject matter jurisdiction.

Similarly, Lamb has failed to make any specific allegations against Craig. As such, the Court finds a § 1983 claim has not been alleged against Craig and fails to provide this Court with subject matter jurisdiction.

No claim having been adequately alleged against a state actor, the Court finds § 1983 does not provide this Court with subject matter jurisdiction.

VIII. *Federal Question other than by 42 U.S.C. § 1983*

Lamb's FAC states the basis for federal jurisdiction as A.R.S. § 2311, Fraudulent Schemes and Practices; Willful Concealment; Classification, and A.R.S. § 33-421, Recording Liens. FAC (Doc. 8, ECF p. 3 of 14). These bases are based on state law and do not present a federal question. Additionally, the FAC states damages for the unlawful placing of a lien and criminal trespass. FAC (Doc. 8, ECF p. 5 of 14). Criminal trespass is a criminal violation based on Arizona law. *See* A.R.S. §§13-1502, 1503, 1504. Moreover,

if Lamb was seeking to state a civil claim of trespass, such a claim is also based on state law. *See e.g., SWC Baseline & Crismon Invs., L.L.C. v. Augusta Ranch Ltd. P'ship*, 265 P.3d 1070, 1091 (Ariz.App. 2011). The Court finds these state law claims do not provide a basis for subject matter jurisdiction.

As to Lamb's claim of unlawful placing of a lien, it is not clear on what basis seeks to state a claim. To any extent he seeks to state a claim pursuant to A.R.S. § 33-420, False documents, liability, special action; damages; violation; classification, such a claim would be based on state law and would not present a federal question. Moreover, Lamb's FAC refers to a number of other state statutes which, again, do not present a federal question. *See* FAC (Doc. 8, ECF pp. 9, 12-14 of 14). The Court finds Lamb has failed to present a federal questions and this Court, therefore, does not have subject matter jurisdiction over this matter.

IX. *Sovereign Citizen*

The FAC "is a classic example of 'redemptionist' or 'sovereign citizen' theory." *Branton v. Columbia Cnty.*, No. 1:15-CV-00005 DNH/TW, 2015 WL 3397949, at *3 (N.D.N.Y. May 26, 2015). The Ninth Circuit has held that "sovereign citizen" arguments have "been consistently and thoroughly rejected by every branch of the government for decades. Indeed[,] advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986); *see also Caetano v. Kings Cnty. Sheriff*, No. 1:22-CV-0261 JLT HBK, 2022 WL 1271344, at *3 (E.D. Cal. Apr. 28, 2022), appeal dismissed, No. 22-16067, 2022 WL 18358075 (9th Cir. Aug. 17, 2022) ("To the extent Plaintiff's allegations are based on a sovereign citizen ideology—in referring to his body as a 'Sovereign' and a vessel—courts uniformly and summarily have rejected arguments premised on such ideology as frivolous and meritless.").

. . . . .

"Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13–CV–760 (MAD/DEP), 2014 U.S. Dist. LEXIS 99990, at *6, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases). As summarized by another court:

> The Ninth Circuit Court of Appeals has rejected arguments premised on the sovereign citizen ideology as utterly meritless. *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). . . And "[c]ourts across the country have uniformly rejected arguments" based on the sovereign citizen ideology as frivolous, irrational, or unintelligible. *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012); *see also Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), report and recommendation adopted, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars"); *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) ("legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity); *Zahir v. Mountcastle*, No. 21-CV-1023, 2021 WL 1143381, at *3 (E.D. Pa. March 25, 2021) ("other than irrelevant statements of legal fictions, Zahir asserts no facts to demonstrate any viable cause of action for money damages. Legal sounding but meaningless verbiage is nothing more than a nullity).

*Caetano v. Depository Tr. Co.*, No. 1:22-CV-00679-SKO, 2022 WL 3043277, at *3 (E.D. Cal. Aug. 2, 2022), report and recommendation adopted, No. 1:22-CV-0679 JLT SKO, 2022 WL 4664141 (E.D. Cal. Sept. 30, 2022).

To the extent Lamb seeks to state a claim based on an actual or implied sovereign citizen theory, the Court finds such claims are meritless.

X.  *Conclusion*

A review of the FAC shows Lamb has failed to comply with the Court's directives (e.g., caption), has failed to state a claim which grants this Court subject matter jurisdiction, and because it is frivolous and lacking an arguable basis in law, it fails to state a plausible claim. The Court finds it appropriate to dismiss the FAC without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no

1 | reason to grant leave to amend.").

3 | Accordingly, IT IS ORDERED:

4 | 1. Lamb's First Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND.

6 | 2. The Clerk of the Court is DIRECTED to enter a judgment of dismissal and close its file in this matter.

DATED this 21st day of November, 2024.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge